AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| United States of America | )  |
|---|---|
| v. | ) Case No: 3:19-cr-00024-RLY-MJD-14 |
| April Martin | ) |
| | ) USM No: 17400-028 |
| Date of Original Judgment: 01/11/2023 | ) |
| Date of Previous Amended Judgment: | ) Pro se |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 01/11/2023 shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 07/23/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

RICHARD L. YOUNG, Judge
*Printed name and title*

A CERTIFIED TRUE COPY
Roger A.G. Sharpe, Clerk
U.S. District Court
Southern District of Indiana
By Nina M. Doyle
Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-cr-00024-RLY-MJD |
| | ) | |
| APRIL MARTIN, | ) -14 | |
| | ) | |
| Defendant. | ) | |

**ENTRY DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

Defendant April Martin was sentenced to 36 months' imprisonment after pleading guilty to conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. (Filing No. 520). Martin now moves to reduce her sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines ("U.S.S.G."). (Filing Nos. 543, 549). For the reasons set forth below, the court **DENIES** Martin's motion.

**I.     Legal Standard**

The court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the Sentencing Guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines, including Amendment 821. If a sentence reduction is consistent with U.S.S.G. § 1B1.10, the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) in deciding whether and how to reduce a sentence. *Dillon v. United*

1

*States*, 560 U.S. 817, 826–28 (2010); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B).

## II.  Discussion

Martin argues she is entitled to a sentence reduction under Part B of Amendment 821, which provides a two-level reduction in offense level to certain offenders with zero criminal history points. U.S.S.G. § 4C1.1(a). Martin acknowledges that she received three criminal history points at the time of her sentencing. (Filing No. 474, Presentence Investigation Report ¶ 42). But she argues she should not have been assessed these criminal history points and requests that the court "remove" them, making her a zero-point offender eligible for a sentence reduction under Part B. (Filing No. 543).

Section 3582(c)(2) "does not authorize a [full] resentencing" and only "permits a sentence reduction within the narrow bounds established by the [Sentencing] Commission." *Dillon*, 560 U.S. at 831. In determining whether a sentence reduction is appropriate under § 3582(c)(2), the court considers whether an amendment, such as Amendment 821, affects the defendant's applicable guidelines range, without changing *any* other guidelines calculation made at the time of sentencing. U.S.S.G. § 1B1.10(b) (requiring the court to consider only the impact of certain amendments on the defendant's guidelines range and to "leave all other guideline application decisions unaffected"). The court cannot correct potential errors in the calculation of a defendant's criminal history points on a § 3582(c)(2) motion. *See id.*; *Dillon*, 560 U.S. at 831 (explaining that correcting sentencing mistakes unrelated to a guidelines amendment is "outside the scope of . . . § 3582(c)(2)"); *cf. United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021)

2

(explaining "potential sentencing errors" should be challenged "through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion," rather than a motion for compassionate release).

Thus, Martin cannot use her § 3582(c)(2) motion to now change her criminal history point total. Ultimately, because she was assessed criminal history points, Part B of Amendment 821 has no effect on Martin's guidelines range, and the court therefore cannot reduce her sentence. *See* U.S.S.G. § 4C1.1(a)(1) (requiring that "the defendant did not receive any criminal history points"); *id.* § 1B1.10(a)(2)(B) (stating a sentence reduction is not authorized where "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guidelines range").

### III.  Conclusion

Martin's Motion to Reduce Sentence (Filing Nos. 543, 549) is **DENIED**. Martin's sentence remains as imposed at sentencing.

**IT IS SO ORDERED** this 23rd day of July 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

Electronically to Registered Counsel of Record.

Mail to:
April Martin
Reg. No. 17400-028
FPC Alderson
Federal Prison Camp
Glen Ray Rd., P.O. Box A
Alderson, WV 24910